**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:

JARED R. PRIDEAUX

    Plaintiff,

v.

NORTHLAND GROUP, INC. a Minnesota Corporation

    Defendant

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff Jared R. Prideaux is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Northland Group, Inc. (hereinafter "Defendant") is a Minnesota corporation operating from an address of 7831 Glenroy, Suite 350, Edina, Minnesota 55439 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is registered with the Colorado Attorney General's office as a debt collector, license number 989903.

## FACTUAL ALLEGATIONS

10. Sometime prior to December, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

12. Beginning approximately December 8, 2010 the Plaintiff received a letter from the Defendant demanding payment on a Capital One Bank account.

13. The account in question ended in with the last four digits 5275.

14. The Plaintiff contacted the Defendant and discussed the matter with an agent of the Defendant within a few days of receiving the letter.

15. At that time the Plaintiff told the Defendant's agent that he disputed the account, was confident that the account was settled and that even if it were not, he was certain that the debt was uncollectible as it was time barred from collection by the statute of limitations.

16. The agent of the Defendant told the Plaintiff that the debt was indeed valid and that unless he began making payments, the Defendant intended on bringing a lawsuit against him and would not only collect the amount in dispute, but also the cost of collections, including attorney fees.

17. The debt in question went into default in 2001 and the ability to bring a legal action against the Plaintiff was time barred.

18. The Defendant knew or should have known that he was without legal authority to bring any action in court to enforce the debt that he was attempting to collect on.

19. The FDCPA prohibits a debt collector form using false, deceptive or misleading representation or means in connection with collecting a debt, see 15 U.S.C §1692e

20. Subsequent to this conversation, the Defendant launched a telephone harassment campaign against the Plaintiff, contacting him by way of his telephone several times per day and several days per week, demanding payment of the debt the Plaintiff considered invalid.

21. During one of the telephone calls, the Plaintiff again told the Defendant that he considered the debt to be invalid and demanded that the Defendant stop harassing him with the telephone calls.

22. Despite demanding that the Defendant stop harassing him via telephone the Defendant continued calling the Plaintiff.

23. The only imaginable purpose for the Defendant to call the Plaintiff after being told to stop is to harass the Plaintiff and coerce the Plaintiff into paying the debt that he disputed.

24. The FDCPA prohibits a debt collector from conduct that is harassing, oppressive or abusive, see 15 U.S.C §1692d

25. The agent of the Defendant told the Plaintiff that unless he wanted his property seized and his cars repossessed that he should pay off the account in question.

26. A debt collector is prohibited from making threats of garnishment, seizure or attachment knowing that such is not possible, see 15 U.S.C §16923(4), 3(5).

27. The Defendant went on to tell the Plaintiff that he would accept "payments" spread out over time in order to satisfy the amount owed, thus sparing the Plaintiff from all of the evil things that otherwise would happen if he refused to pay.

28. In an effort to avoid further harassment, the Plaintiff agreed to a payment plan with the Defendant and began making $20.00 per month payments.

29. The Plaintiff, having been duped by the Defendant into thinking he had to satisfy this debt, even though he did not believe it was valid, agreed to begin making payments to the Defendant in the amount of $20.00 per month.

30. The Plaintiff paid the Defendant $20.00 in January, February, 2011.

31. The Plaintiff did not make a payment in March, 2011 and the Defendant contacted the Plaintiff and again began badgering him and demanding a payment.

32. The Plaintiff then made a payment in April and May.

33. In June the Plaintiff stopped making payments as he discovered that the payments he had been making were not being credited to his account but rather being used to pay for "interest."

34. In June the Plaintiff told the Defendant he was not going to make any additional payments.

35. The Defendant then began harassing the Plaintiff by telephone, again violating 15 U.S.C §1692d.

36. On August 10, 2011 the Defendant sent the Plaintiff a letter demanding payment and advising the Plaintiff that he owed $3,936.13.

37. On August 29, 2011 the Defendant sent the Plaintiff another letter indicating that "[o]ur client will allow you to settle your account for $2,558.46…"

38. The Defendant's misleading statement would give the impression that the Defendant represents Capital One, when indeed is does not.

39. Such statements are misleading and confusing to the least knowledgeable consumer and are prohibited by the FDCPA, see 15 U.S.C. §1692d.

40. In violation of 15 U.S.C. §1692g, the Defendant has failed to provide to the Plaintiff a validation notice concerning the alleged debt.

41. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 d, 1692e, 1692g, amongst others.

### *Respondeat Superior Liability*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

44. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

45. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

46. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### **TRIAL BY JURY**

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com